UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RELIASTAR LIFE INSURANCE COMPANY, | : | **CIVIL NO. 1:08-CV-2229** |
| | : | (Magistrate Judge Smyser) |
| Plaintiff | : | |
| v. | : | |
| CINDY QUIGLEY, ASHLEY ROTZ and ZACHARY FRERE, | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

On December 12, 2008, the ReliaStar Life Insurance Company, a Minnesota Corporation, filed an interpleader complaint. The defendants named are Cindy Quigley, Ashley Rotz and Zachary Frere. The three defendants are residents of Carlisle, Pennsylvania. The jurisdiction of the court is based upon the federal question jurisdictional statute, 28 U.S.C. § 1331, and the cause of action is based upon the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

The plaintiff and the defendants not in default, defendants Ashley Rotz and Zachary Frere, consented pursuant to 28 U.S.C. § 636(c) to have a magistrate judge preside to final judgment.

The interpleader complaint states that the plaintiff insurance company issued a group life insurance policy to Dover Corporation as a part of the employee welfare benefit plan of Dover Corporation. F. Allen Frere, an employee of Dover Corporation, signed on for basic life insurance benefits and supplemental benefits under the policy. He completed an "Enrollment and Beneficiary Form for 2007" in November of 2006. The form designated Cindy Quigley, the insured's significant other, as a 50% beneficiary. The form designated each of the insured's two children, Ashley Rotz and Zachary Frere, as 25% beneficiaries. Later, on November 1, 2007, the insured changed the designated beneficiaries, the complaint alleges. Cindy Quigley was designated as beneficiary as to the full policy amount; i.e., 100%. The effective date for the change in beneficiary as stated on the designation form was January 1, 2008.

2

The insured, Mr. F. Allen Frere, died on December 4, 2007. Ashley Rotz and Zachary Frere filed a claim for the policy proceeds on December 11, 2007. Cindy Quigley filed a claim for the policy proceeds on December 14, 2007.

On December 31, 2007, Ashley Rotz stated in a letter to ReliaStar that she believed that the changes made to the decedent's 2008 beneficiary form had been forged by Cindy Quigley.

The defendants, Quigley, Rotz and Frere, were not able to reach an amicable agreement. There are competing claims to the policy proceeds, the complaint states. The plaintiff insurer states in the complaint that it is a disinterested stakeholder, that it claims no beneficial interest as to the policy proceeds, that it seeks only its attorneys' fees and costs and that it seeks to interplead the policy proceeds and accumulated interest ($52,992.61) into the court.

Defendants Rotz and Frere filed an answer to the complaint on February 20, 2009. (Doc. 6.) They assert as an

3

affirmative defense that their father was not the person who wrote the designation of the beneficiaries on either the 2007 form or the 2008 form and that it was defendant Cindy Quigley who wrote the signature of the decedent on those forms. Defendants Rotz and Frere state that they are the beneficiaries of their father under his will.

A motion of the plaintiff to deposit the funds with the Clerk of Court (Doc. 14) was granted by the Order of August 5, 2009. (Doc. 24.)

On July 17, 2009, the Clerk entered the default of defendant Quigley. (Doc. 20.) Defendant Quigley filed an untimely answer on July 20, 2009. (Doc. 19.) Case management conferences were held on July 17, 2009 and on August 21, 2009. No one appeared on behalf of defendant Quigley at either case management conference. Defendant Quigley did not ask the court to vacate the default entered as to her on July 17, 2009. By Order of August 24, 2007 (Doc. 24), each defendant was ordered to file a statement of the claim of that defendant to a portion or all of the insurance policy proceeds. (Doc. 27.)

4

Defendants Rotz and Frere did file statements of their claims. (Doc. 29.) Defendant Quigley did not file a statement of any claim. By Order of August 24, 2009 (Doc. 28), Robert G. Frey, Esquire, counsel for defendant Quigley, was ordered to show cause why sanctions should not be imposed against him for not attending case management conferences. He responded to that Order on September 8, 2009 (Doc. 31), stating that he stipulates that he is responsible for fees and expenses. By Order of September 4, 2009 (Doc. 30), Mr. Frey was directed to appear in court to show cause why he should not be sanctioned. On September 14, 2009, Mr. Frey appeared in court. He stated that he acknowledges that he should be held responsible for the plaintiff's fees and costs. He was asked by the court whether he wanted to address any other aspect of the case, and he stated that he did not. He acknowledged that he understands that this case may now proceed to final disposition on the basis of the record that does not contain a position other than a default as to defendant Quigley.

The pleadings and the case management plans indicate that there are factual issues as to the preparation of the two

5

beneficiary designation forms mentioned above.  However, defendant Quigley has not stated any claim in this interpleader litigation to any of the proceeds.  Given the limited and apparently reluctant participation of defendant Quigley in this litigation, it will be appropriate and correct to base the resolution of this case upon the statements of claims of the defendants.  No statement of claim has been filed by defendant Quigley as directed by the Order of August 24, 2009.  On this basis, a determination may be made and is made that defendant Quigley is making no claim to the proceeds of the F. Allen Frere life insurance policy.  The two children of F. Allen Frere, the insured decedent, have in their statement of claims (Doc. 29) stated claims to the full amount of the proceeds of the policy.

The Statement of Claims states that Cindy Quigley revised the beneficiary information on both the 2007 Enrollment and Beneficiaries Form and the 2008 Form.  Although Quigley had denied in an untimely answer (Doc. 19) that she had "forged the beneficiary designation form" (Doc. 19, Number 17), she has made no reply to the more specific statements in the Statement

6

of Claims that she "prepared or forged . . .[the beneficiary designation forms] . . . without the knowledge, consent or, approval of the Decedent."

We had intended and had taken steps to cause the merits of this civil action to be decided upon a complete factual record. But the case will be resolved on the basis of the default of Cindy Quigley.

The resolution of this case by the undersigned magistrate judge pursuant to the Statement of Claims in combination with the default of defendant Quigley is consistent with Rule 55(b) of the Federal Rules of Civil Procedure and with 28 U.S.C. § 636(c). Defendant Quigley is in default. Under Rule 55(a), a judgment as to a party in default where the sum is certain may be entered without an order of court; hence, although there is not a declaration of 28 U.S.C. §636(c) consent from defendant Quigley, that does not prevent the final disposition of this case by this Order and the Clerk's entry of judgment.

The claims of the two children are uncontested, and accordingly these two claims will be granted. An appropriate Order follows:

**IT IS ORDERED** that the Clerk of Court shall enter judgment in favor of defendants Rotz and Frere providing for the payment of the interpleader funds to those two defendants in equal shares. The Clerk shall pay one half of the deposited funds ($52,992.61 plus accumulated interest) to defendant Ashley Rotz and the other one half of the deposited funds to defendant Zachary Frere. The judgment shall provide for no payment to be made to defendant Cindy Quigley. **IT IS FURTHER ORDERED** that the reasonable fees and costs of the plaintiff shall be paid to the plaintiff by Robert G. Frey, Esquire, Pa. Bar I.D. Number 46397. The Clerk shall close the file.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: September 18, 2009.